UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PENNANTIA, LLC; RCM 252, LLC;
SUSAN ROSE, LLC; RCM 250, LLC;
JORDAN ROSE, LLC; RCM 260, LLC;
RCM 262, LLC

                 Plaintiffs,

                -against-

*TANK BARGE RCM 252* (Official #1292046);
*TUG SUSAN ROSE* (Official # 1282121);
*TANK BARGE RCM 250* (Official #1235496);
*TUG JORDAN ROSE* (Official #1234828);
*TANK BARGE RCM 260* (Official #1210060); and
*TANK BARGE RCM 262* (Official #1216336),
their engines, tackle, appurtenances, etc., *in rem*,

                Defendants.
----------------------------------------------------------------x

**ORDER APPOINTING SUBSTITUTE CUSTODIAN**
25-CV-01711 (OEM) (MMH)

ORELIA E. MERCHANT, United States District Judge:

     Plaintiffs, Pennantia, LLC, RCM 252, LLC, Susan Rose, LLC, RCM 250, LLC, Jordan Rose, LLC, RCM 260, LLC, and RCM 262, LLC (collectively, "Plaintiffs"), by and through their attorneys, having appeared and made the following recitals:

1. Plaintiff filed a Verified Complaint in this action on March 27, 2025, asking that the *in rem* Defendants *Tank Barge RCM 252* (Official #1292046), *Tug SUSAN ROSE* (Official #1282121), *Tank Barge RCM 250* (Official #1235496), *Tug JORDAN ROSE* (Official #1234828), *Tank Barge RCM 260* (Official #1210060), and *Tank Barge RCM 262* (Official #1216336), their engines, tackle, appurtenances, etc. (the "Vessel Defendants"), be arrested to allow Plaintiffs access to the Vessel Defendants and associated reports, documents, and information related to the Vessel Defendants.

1

2. It is contemplated that the Clerk of Court will issue a Warrant of Arrest commanding the United States Marshal for this district to arrest and take into custody the Vessel Defendants and to detain the same in his custody until further Order.

3. It is contemplated that the United States Marshal will seize the Vessel Defendants immediately. Custody by the United States Marshal requires the services of one or more keepers and includes charges for wharfage/anchorage and the other services usually associated with the safekeeping of vessels similar to the Vessel Defendants.

4. The Vessel Defendants currently are berthed/anchored, or will be shortly, at the Port of New York, New York. National Maritime Services, Inc. has agreed to assume the responsibility of safekeeping the Vessel Defendants and has consented to act as their Substitute Custodian until further Order of this Court, all for a sum, including wharfage/anchorage and routine services required for the safe-keeping of the particular Vessels, at an estimated rate of ▮▮▮ per day (assuming that all six Vessel Defendants are in custody at the same time), which shall include a one-time mobilization charge of ▮▮▮ per Vessel (discounted if Vessels are found to be in the same location), project travel and a full-time on-board watchman, plus a ▮▮▮ handling fee applied to all third-party charges. The third-party charges are anticipated to be repatriation costs, and dockage, crew pay, fuel and power, as applicable. The United States Marshal is unable to perform or to have performed at a comparable rate these same services. Additional services to be performed by National Maritime Services, Inc. will include other necessaries to be performed at separate costs. In any case, the transfer of the Vessel Defendants to the Substitute Custodian for safekeeping will not be effected until all such charges have been paid by the Plaintiffs.

5. National Maritime Services, Inc., by declaration, represents that it has adequate, facilities and supervision for the proper safekeeping of the Vessel Defendants and that it has insurance coverage adequate to respond to damage to the Vessel Defendants or for damages sustained by third parties proximately caused by any acts, faults, or negligence by the Substitute Custodian. The Substitute Custodian will accept, in accordance with the terms of this Order, possession of the Vessel Defendants, their engines, tackle, appurtenances, etc. and all other necessaries thereunto appertaining and belonging, which are the subject of this action.

6. Plaintiffs, in consideration of the United States Marshal's consent to the substitution of custody, agrees to release the United States Marshal and the United States Marshals Service from all liability and responsibility arising out of care and custody of the Vessel Defendants, their engines, tackle, appurtenances, etc. and all other necessaries thereunto appertaining and belonging, from the time the United States Marshal transfers possession of the Vessel Defendants over to the Substitute Custodian, and the Plaintiffs further agree to hold harmless and indemnify the United States Marshal and the United States Marshal's Service from any and all claims whatsoever arising out of the Substitute Custodian's possession and safe-keeping.

THEREFORE, IT IS HEREBY ORDERED that the United States Marshal for the Eastern District of New York is authorized and directed, (forthwith) (upon his seizure of the Vessel Defendants, their engines, tackle, appurtenances, etc., and all other necessaries thereunto appertaining and belonging, pursuant to said Warrant of Arrest) to surrender possession of them to the Substitute Custodian named herein, and upon surrendering them, the United States Marshal

will be discharged from his duties and responsibilities for the safekeeping of the Vessel Defendants and held harmless from all claims arising whatever out of substituted possession and safe-keeping.

ORDERED that National Maritime Services, Inc. is hereby appointed Substitute Custodian of the Vessel Defendants to retain them in its custody for possession and safekeeping for the above compensation until further Order of this Court.

ORDERED that all expenses for the safekeeping of the Vessel Defendants will be deemed administrative expenses of the United States Marshal.

ORDERED that the subject Vessel Defendants may be released by the Substitute Custodian, without further court order, upon delivery of written consent of all parties to the action to the Marshals Service and Substitute Custodian.

ORDERED that Plaintiffs' attorney will serve the owner of the Vessel Defendants with a copy of this Order.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: April 9, 2025
Brooklyn, New York